McCALEB, Justice
(dissenting).
After a scrutiny of plaintiff’s evidence in this case, I entertain grave doubt that the alleged acts of adultery charged in the petition were committed. In the first place, it appears unlikely to me that defendant would have been so bold as to have perpetrated such acts in the home of her mother, where her children were sleeping, on five successive nights at the same hour (between 8:30 and 10:00 o’clock p. m.) each night. Then, too, the open manner in which the alleged acts of adultery were performed and the way plaintiff and his friends detected them, appears highly improbable.
The substance of the testimony of plaintiff and his three witnesses is that, on April 5, 6, 7, 8 and 9, 1956, between the hours of 8:30 and 10:00 p. m., they saw a man, who wore khaki pants and a red baseball cap, walk into the front yard and down an alley alongside the residence to the rear of the house, where he entered. They declared that, shortly thereafter, they proceeded along the alley until they arrived beneath the window of defendant’s bedroom, where they “boosted each other up” to an elevation where they peeked through the open window and witnessed defendant in bed with this man. Each one of the four participants in this peeping expedition declares that he saw defendant in bed with the man (some of them say that they were naked) when he was elevated to the window by the others. They further state that their view was made possible by the reflection of the kitchen light into defendant’s bedroom, this being the only light burning in the house at the time.
It is of course the rule, as stated in the majority opinion, that this court will not disturb the finding of a trial judge on facts unless manifestly erroneous. For my part, I believe that the trial judge erred in holding that plaintiff’s testimony preponderated over that of defendant and her witnesses.
I respectfully dissent.